IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. PRICE, Individually and d/b/a | ) | |
| PRICE FUNERAL HOME | ) | |
| 6612 Emlen Street | ) | |
| Philadelphia, PA 19119 | ) | |
| | ) | |
| PRICE FUNERAL HOME, INC. | ) | |
| 613-615 North 43rd Street | ) | |
| Philadelphia, PA 19104 | ) | **COMPLAINT FOR FEDERAL** |
| | ) | **TAXES** |
| HAVERFORD CONGREGATION KINGDOM | ) | |
| HALL OF JEHOVAH'S WITNESSES | ) | |
| 601-607 North 43rd Street | ) | |
| Philadelphia, PA 19104 | ) | |
| | ) | |
| CITY OF PHILADELPHIA | ) | |
| Revenue Department, Real Estate Tax Unit | ) | |
| 1515 Arch Street, 15th Floor | ) | |
| Philadelphia, PA 19102 | ) | |
| | ) | |
| CITY OF PHILADELPHIA | ) | |
| Water Revenue Bureau, | ) | |
| 1401 JFK Boulevard | ) | |
| Philadelphia, PA 19102 | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| REVENUE | ) | |
| Tenth Floor | ) | |
| Strawberry Square | ) | |
| Harrisburg, PA 17128 | ) | |
| | ) | |
| JUSTIN MARCUS KING | ) | |
| 5374 West Montgomery Avenue | ) | |
| Philadelphia, PA 19131 | ) | |
| | ) | |
| PECO ENERGY COMPANY | ) | |
| 2301 Market Street | ) | |
| Philadelphia, PA 19103 | ) | |

Defendants.  )
            )
            )

Plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to:

(1)     collect the federal income taxes and trust fund recovery penalties assessed against John M. Price for tax years and quarters ending between 2000 and 2012;

(2)     collect the federal income, employment, and unemployment taxes and civil penalties assessed against Price Funeral Home, Inc. (the "corporation") for tax years and quarters ending between 2002 and 2010;

(3)     collect the federal employment and unemployment taxes and civil penalties assessed against John M. Price doing business as Price Funeral Home, a sole proprietorship, for tax years and quarters ending between 2011 and 2016;

(4)     foreclose the tax liens against the real property located at 609-611 North 43rd Street, Philadelphia, Pennsylvania and 613-615 North 43rd Street, Philadelphia, Pennsylvania held by Haverford Congregation Kingdom Hall of Jehovah's Witnesses as a nominee of John M. Price; declare the transfer to Haverford to be void; or set aside the conveyance as fraudulent; and

(5)     declare John M. Price the alter ego of Price Funeral Home, Inc., or Price Funeral Home as the successor in interest of Price Funeral Home, Inc.; and authorize the United States to collect Price Funeral Home, Inc.'s tax liabilities and civil penalties from John M. Price individually.

## JURISDICTION AND VENUE

1.      Jurisdiction over this action is conferred upon this Court pursuant to 26 U.S.C.

§§ 7402 and 7403, and 28 U.S.C. §§ 1340 and 1345.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1396.

## PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant, John M. Price, is a taxpayer who resides in Philadelphia,

Pennsylvania, within the jurisdiction of this Court.

5.      Defendant Price Funeral Home, Inc. is an entity incorporated under the laws of

the state of Pennsylvania, whose principal offices are located within the jurisdiction of this

Court.  Price was the owner and president of Price Funeral Home, Inc. from 1997 through 2010.

From 2010 to the present, he owned and operated Price Funeral Home, a sole proprietorship.

6.      The following individuals and entities are named as defendants pursuant to 26

U.S.C. § 7403(b) because they have or may claim an interest in the real property that are the

subject of this action:

        a.      Haverford Congregation Kingdom Hall of Jehovah's Witnesses

        ("Haverford Congregation"), 601-607 North 43rd Street, Philadelphia,

        Pennsylvania 19104.

        b.      City of Philadelphia, Revenue Department, Real Estate Tax Unit, One

        Parkway, 1515 Arch Street, 15th Floor, Philadelphia, Pennsylvania 19102.

        c.      City of Philadelphia, Water Revenue Bureau, Municipal Services

        Building, 1401 JFK Boulevard, Philadelphia, Pennsylvania, 19102.

    d.    Justin Marcus King, 5374 West Montgomery Avenue, Philadelphia, Pennsylvania, 19131.

    e.    PECO Energy Company, 2301 Market Street, Philadelphia, 19103.

    f.    Pennsylvania Department of Revenue, Bureau Compliance, P.O. Box 280948, Harrisburg, Pennsylvania 17128.

## COUNT 1: REDUCE TO JUDGMENT INCOME TAX AND TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST JOHN M PRICE

7.    Plaintiff repeats the allegations of paragraphs 1 through 6 as if fully set forth herein.

8.    John M. Price was the owner and president of Price Funeral Home, Inc. from 1997 through 2010.

9.    During this time, Price signed federal tax returns on behalf of the company.  Price also directed or authorized payments of bills, signed checks, and authorized payroll for the company.

10.    Price had significant decision-making authority where the financial matters of Price Funeral Home, Inc. were concerned and therefore was a person who was responsible for collecting, truthfully accounting for, and paying over to the United States the federal employment taxes withheld from wages of employees of Price Funeral Home, Inc. from 2009 through 2010.

11.    Price also willfully failed to collect, truthfully account for, or pay over to the United States these federal employment taxes, which rendered him liable for a penalty under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, and paid over.

12.    A delegate of the Secretary of the Treasury properly and timely assessed trust fund recovery penalties under 26 U.S.C. § 6672 against Price for the taxable periods and in the

amounts set forth below; and also, based on federal income tax returns filed by John M. Price,

properly and timely made assessments against Price for his unpaid income taxes for the taxable

periods and in the amounts set forth below:

| Type of Tax | Tax Year/Period | Assessment Date | Assessment | Balance Owed (as of 10/02/2017) | Notice of Federal Tax Lien Filed |
|---|---|---|---|---|---|
| Section 6672 | 06/30/2009 | 08/06/2012 | $1,285 | $268.93 | 04/15/2013 |
| Section 6672 | 09/30/2009 | 08/06/2012 | $1,571.50 | $1,862.13 | 04/15/2013 |
| Section 6672 | 12/31/2009 | 08/06/2012 | $1,641.46 | $1,767.93 | 04/15/2013 |
| Section 6672 | 03/31/2010 | 08/06/2012 | $2,061.73 | $2,220.58 | 04/15/2013 |
| Section 6672 | 06/30/2010 | 08/06/2012 | $1,890.92 | $2,036.62 | 04/15/2013 |
| Section 6672 | 09/30/2010 | 08/06/2012 | $1,891.42 | $2,037.14 | 04/15/2013 |
| Section 6672 | 12/31/2010 | 08/06/2012 | $1,891.81 | $2,037.57 | 04/15/2013 |
| Income | 2000 | 09/17/2012 | $4,379.00 | $13,235.66 | 04/15/2013 |
| Income | 2001 | 09/17/2012 | $4,202.00 | $11,962.77 | 04/15/2013 |
| Income | 2002 | 09/17/2012 | $3,799.00 | $10,259.83 | 04/15/2013 |
| Income | 2003 | 09/17/2012 | $3,734.00 | $9,660.75 | 04/15/2013 |
| Income | 2004 | 09/17/2012 | $3,704.00 | $9,204.10 | 04/15/2013 |
| Income | 2005 | 09/17/2012 | $3,659.00 | $8,643.56 | 04/15/2013 |
| Income | 2006 | 09/17/2012 | $3,659.00 | $8,089.69 | 04/15/2013 |
| Income | 2007 | 09/17/2012 | $3,550.00 | $7,283.59 | 04/15/2013 |
| Income | 2008 | 09/17/2012 | $3,434.00 | $6,704.13 | 04/15/2013 |
| Income | 2009 | 09/10/2012 | $3,434.00 | $5,074.43 | 04/15/2013 |
| Income | 2010 | 09/10/2012 | $3,434.00 | $6,249.20 | 04/15/2013 |
| Income | 2011 | 05/11/2015 | $1,949.00 | $3,524.31 | 06/11/2015 |
| Income | 2012 | 07/08/2013 | $12,500.00 | $19,560.87 | 11/03/2014 |
| | | | Total | $131,683.79 | |

13.    Price was given notice and demand for payment of the assessments made against

him described in paragraph 12.

14.     Despite such notice and demand, Price has failed to fully pay the assessed tax liabilities and trust fund recovery penalties described in paragraphs 12.

15.     As a result of his failure to pay the federal income taxes, trust fund recovery penalties, and statutory additions described in paragraph 12, above, Price is indebted to the United States of America in the amount of $131,683.79 as of October 2, 2017, plus statutory additions and interest accruing after that date until paid.

16.     Notices of federal tax lien were filed against Price for the tax years and periods described in paragraph 12 with the Prothonotary for Philadelphia County, Pennsylvania on the dates set forth in that paragraph.

## COUNT 2: REDUCE TO JUDGMENT TAX AND PENALTY ASSESSMENTS AGAINST PRICE FUNERAL HOME, INC.

17.     Plaintiff repeats the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.     A delegate of the Secretary of the Treasury properly and timely made assessments against Price Funeral Home, Inc. for its unpaid corporate income taxes (Form 1120), employment taxes (Form 941), unemployment taxes (Form 940), and civil penalties under 26 U.S.C. § 6721 based on its intentional disregard of its obligation to file Forms W-2 with the IRS regarding its employees for the taxable years and periods and in the amounts set forth below:

| Type of Tax | Tax Year/Period | Assessment Date | Assessment | Balance Owed (as of 10/02/2017) | Notice of Federal Tax Lien Filed |
|---|---|---|---|---|---|
| Income | 2002 | 04/16/2012 | $111,514.76 | $335,882.25 | 08/08/2012 |
| Income | 2003 | 04/16/2012 | $133,620.00 | $378,103.89 | 08/08/2012 |
| Income | 2004 | 04/16/2012 | $216,665.34 | $587,468.43 | 08/08/2012 |
| Income | 2005 | 04/30/2012 | $138,368.47 | $185,211.87 | 08/08/2012 |

| Income | 2006 | 04/16/2012 | $262,557.86 | $626,819.23 | 08/08/2012 |
|--------|------|------------|-------------|-------------|------------|
| Income | 2007 | 06/25/2012 | $130,025.18 | $288,666.16 | 12/19/2014 |
| Income | 2008 | 04/30/2012 | $73,925.00 | $142,591.86 | 08/08/2012 |
| Income | 2009 | 04/30/2012 | $157,822.90 | $322,602.21 | 08/08/2012 |
| Income | 2010 | 04/16/2012 | $148,024.10 | $292,873.68 | 08/08/2012 |
| Employment | 03/31/2007 | 05/14/2012 | $3,630.00 | $6,433.26 | 06/18/2012 |
| Employment | 06/30/2007 | 04/09/2012 | $3,630.00 | $6,210.69 | 06/04/2012 |
| Employment | 09/30/2007 | 04/09/2012 | $3,630.00 | $5,048.95 | 06/04/2012 |
| Employment | 03/31/2008 | 04/09/2012 | $2,308.00 | $3,299.19 | 06/04/2012 |
| Employment | 06/30/2008 | 04/09/2012 | $2,308.00 | $3,238.53 | 06/04/2012 |
| Employment | 09/30/2008 | 04/09/2012 | $2,308.00 | $3,179.41 | 06/04/2012 |
| Employment | 12/31/2008 | 07/28/2012 | $2,308.00 | $4,464.16 | 12/19/2014 |
| Employment | 03/31/2009 | 04/09/2012 | $2,386.00 | $3,171.69 | 06/04/2012 |
| Employment | 06/30/2009 | 04/09/2012 | $2,570.00 | $4,587.52 | 06/04/2012 |
| Employment | 09/30/2009 | 02/07/2012 | $3,143.00 | $6,569.89 | 06/04/2012 |
| Employment | 12/31/2009 | 04/09/2012 | $2,984.00 | $6,097.51 | 06/04/2012 |
| Employment | 03/31/2010 | 04/09/2012 | $3,353.00 | $6,790.00 | 06/04/2012 |
| Employment | 06/30/2010 | 04/09/2012 | $3,353.00 | $6,542.67 | 06/04/2012 |
| Employment | 09/30/2010 | 04/09/2012 | $3,353.00 | $6,480.93 | 06/04/2012 |
| Employment | 12/31/2010 | 04/09/2012 | $3,353.00 | $6,424.02 | 06/04/2012 |
| Unemployment | 2007 | 04/23/2012 | $224.00 | $459.91 | 06/04/2012 |
| Unemployment | 2008 | 04/09/2012 | $224.00 | $435.29 | 06/04/2012 |
| Unemployment | 2009 | 04/23/2012 | $224.00 | $417.55 | 06/04/2012 |
| Unemployment | 2010 | 04/16/2012 | $224.00 | $401.26 | 06/04/2012 |
| Section 6721 | 2007 | 09/20/2010 | $2,697.64 | $3,315.77 | 06/04/2012 |
| Section 6721 | 2009 | 08/13/2012 | $7,244.00 | $8,578.78 | 12/19/2014 |
| | | | Total | $3,252,366.56 | |

19.     Price Funeral Home, Inc. was given notice and demand for payment of the assessments made against it described in paragraph 18.

20.     Despite such notice and demand, Price Funeral Home, Inc. has failed to fully pay the assessed tax liabilities and civil penalties described in paragraph 18.

21.     As a result of its failure to pay the federal corporate income taxes, employment taxes, unemployment taxes, civil penalties, and statutory additions to tax described in paragraph 18, above, Price Funeral Home, Inc. is indebted to the United States of America in the amount of $3,252,366.56 as of October 2, 2017, plus statutory additions and interest accruing after that date until paid.

22.     Notices of federal tax lien were filed against Price Funeral Home, Inc. for the tax years and periods described in paragraph 18 with the Prothonotary for Philadelphia County, Pennsylvania on the dates specified in that paragraph.

## COUNT 3: REDUCE TO JUDGMENT TAX AND PENALTY ASSESSMENTS AGAINST JOHN M PRICE D/B/A PRICE FUNERAL HOME

23.     Plaintiff repeats the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.     A delegate of the Secretary of the Treasury properly and timely made assessments against John M. Price doing business as Price Funeral Home, his sole proprietorship, for its unpaid federal employment (Form 941) taxes, unemployment taxes (Form 940), and civil penalties under 26 U.S.C. § 6721 based on its intentional disregard of its obligation to file Forms W-2 with the IRS regarding its employees for the taxable years and periods and in the amounts set forth below:

| Type of Tax | Tax Period Ending | Assessment Date | Unpaid Assessed Balance | Balance Owed (as of 10/02/2017) | Notice of Federal Tax Lien Filed |
|---|---|---|---|---|---|
| Employment | 03/31/2011 | 04/20/2015 | $1,780.87 | $1,039.17 | 06/11/2015 |
| Employment | 06/30/2011 | 05/11/2015 | $1,780.00 | $3,150.45 | 06/11/2015 |
| Employment | 12/31/2011 | 05/11/2015 | $2,138.00 | $3,724.92 | 06/11/2015 |
| Employment | 03/31/2012 | 07/06/2015 | $6,111.55 | $10,678.83 | 08/03/2015 |
| Employment | 09/30/2012 | 05/11/2015 | $2,374.26 | $4,035.76 | 06/11/2015 |
| Employment | 12/31/2012 | 05/11/2015 | $2,332.35 | $3,758.98 | 06/11/2015 |
| Employment | 06/30/2013 | 05/11/2015 | $2,960.00 | $4,941.34 | 06/11/2015 |
| Employment | 09/30/2013 | 12/30/2013 | $3,106.17 | $2,458.95 | 06/11/2015 |
| Employment | 12/31/2013 | 05/11/2015 | $3,329.26 | $5,467.40 | 06/11/2015 |
| Employment | 03/31/2014 | 08/04/2014 | $3,151.18 | $1,075.58 | 06/11/2015 |
| Employment | 06/30/2014 | 07/06/2015 | $3,370.44 | $5,469.84 | 08/03/2015 |
| Employment | 09/30/2014 | 07/06/2015 | $3,370.44 | $5,981.97 | 08/03/2015 |
| Employment | 12/31/2014 | 03/30/2015 | $3,370.00 | $188.28 | 06/11/2015 |
| Employment | 03/31/2015 | 08/24/2015 | $3,174.00 | $3,855.44 | 12/10/2015 |
| Employment | 06/30/2015 | 02/08/2016 | $5,445.37 | $8,985.50 | 03/22/2016 |
| Employment | 03/31/2016 | 07/04/2016 | $2,179.00 | $119.50 | 03/09/2017 |
| Unemployment | 2011 | 09/07/2015 | $3,431.31 | $6,533.10 | 12/10/2015 |
| Unemployment | 2012 | 05/04/2015 | $840.00 | $1,422.38 | 06/11/2015 |
| Unemployment | 2013 | 05/04/2015 | $840.00 | $1,382.24 | 06/11/2015 |
| Unemployment | 2014 | 04/27/2015 | $1,680.00 | $318.67 | 06/11/2015 |
| Section 6721 | 2011 | 11/03/2014 | $1,339.00 | $1,483.39 | 06/11/2015 |
| Section 6721 | 2012 | 09/21/2015 | $5,845.40 | $6,306.64 | 12/10/2015 |
| Section 6721 | 2013 | 10/31/2016 | $5,469.10 | $5,674.12 | 03/09/2017 |
| | | | **Total** | **$88,052.45** | |

25.     Price, doing business as Price Funeral Home, was given notice and demand for payment of the assessments made against him described in paragraph 24.

26.     Despite such notice and demand, Price, doing business as Price Funeral Home, has failed to fully pay the assessed tax liabilities and civil penalties described in paragraph 24.

27.     As a result of his failure to pay the employment taxes, unemployment taxes, civil penalties, and statutory additions to tax described in paragraph 24, above, Price, doing business as Price Funeral Home, is indebted to the United States of America in the amount of $88,052.45 as of October 2, 2017, plus statutory additions and interest accruing after that date until paid.

28.     Notices of federal tax lien were filed against Price, doing business as Price Funeral Home, for the tax periods described in paragraph 24 with the Prothonotary for Philadelphia County on the dates specified in that paragraph.

### COUNT 4: FORECLOSE TAX LIENS AGAINST PROPERTY HELD BY NOMINEE OR SET ASIDE THE CONVEYANCE AS FRAUDULENT

29.     Plaintiff repeats the allegations of paragraphs 1 through 28 as if fully set forth herein.

30.     By deed dated December 12, 2006, John M. Price acquired the real property located at 609-611 North 43rd Street, Philadelphia, Pennsylvania from the Estate of John M.A. Price, Sr., his father.  Price was an executor of his father's estate.  A true and correct copy of the deed is attached hereto as Exhibit A.

31.     By deed dated December 12, 2006, John M. Price acquired the real property located at 613-615 North 43rd Street, Philadelphia, Pennsylvania from the Estate of John M.A. Price, Sr., his father.  A true and correct copy of the deed is attached hereto as Exhibit B.

32.     On July 31, 2009, Price, as executor, conveyed a portion of the properties listed in paragraphs 30 and 31 above, to Haverford Congregation Kingdom Hall of Jehovah's Witnesses for $1.  A true and correct copy of the deed is attached hereto as Exhibit C and references 609, 613-615 North 43rd Street but only contains a description of 609-611 North 43rd Street.

33.   After the purported transfer, Price retained possession of the properties and continued to enjoy the benefits of the properties.  He continued to rent the 609-611 North 43rd Street property, and collects and deposits the rent checks.  Price receives the mail from 609-611 North 43rd Street property per his request.  He also continued to operate his funeral home on the 613-615 North 43rd Street property.

34.   Officers of the Haverford Congregation stated that it was unaware of the conveyance of the property from Price and that the Haverford Congregation did not own this property.

35.   Haverford Congregation paid little or inadequate consideration for the transfer of the property to it.

36.   Price transferred the property to Haverford Congregation after he had accrued tax liabilities and continued to accrue tax liabilities.

37.   Haverford Congregation holds bare legal title to the property to shield it from Price's creditors, including the United States.

38.   Haverford Congregation holds the property as Price's nominee.

39.   In the alternative, the conveyance to Haverford Congregation should be declared void, because it was purportedly transferred by the executors of John Price, Sr.'s estate after they had already transferred the property to John Price, Jr.

40.   In the alternative, the conveyance to Haverford Congregation should be set aside as fraudulent because it was made with the intent to hinder or delay the United States' ability to collect the unpaid federal tax liabilities described above, or with intent to defraud the United States.

41.     By reason of the assessments described in paragraphs 12 and 24, above, tax liens in favor of the United States arose as of the dates of the assessments pursuant to 26 U.S.C. §§ 6321 and 6322 in the amounts of the assessments, plus all statutory additions accruing thereon under the law.  The federal tax liens attached to all property and rights to property then owned or thereafter acquired by Price, including the properties described in paragraphs 30 and 31, above.

42.     The 609-611 North 43rd Street property is currently the subject of a Sheriff's Sale to be conducted on October 18, 2017 by the City of Philadelphia against the Haverford Congregation by order of the Court of Common Pleas for Philadelphia County (C.P. 1611T0252).

43.     The City of Philadephia, however, in its petition for sale in state court, identified only one notice of federal tax lien filed on June 11, 2015.  Notably, the petition for sale did not identify any of the other notices of federal tax lien.

44.     Under 28 U.S.C. § 2410, a suit seeking to quiet title to or foreclose a lien upon real property on which the United States has or claims a lien must "set forth with particularity the nature of the interest or lien of the United States."  28 U.S.C. § 2410(b).  Quiet title or foreclosure actions which do not meet these requirements fail to satisfy the necessary conditions for waiver of the United States' sovereign immunity.  A noncomplying petition thus cannot state a claim upon which relief can be granted as to the United States.

45.     The City of Philadelphia did not set forth with particularity the nature of the interest or lien of the United States with respect to any of its liens other than the one filed on June 11, 2015.

46.      Accordingly, if the City of Philadelphia sells the 609-611 North 43rd Street property, the property will pass subject to the tax liens that the City failed to identify in its petition.

47.      The federal tax liens should be foreclosed against the 609-611 North 43rd Street property and the 613-615 North 43rd Street property, and the Court should determine the interests of the United States and each of Defendants, order a sale of both properties, and order that the proceeds be distributed in accordance with the rights of the parties determined herein, with the amount attributable to the interest of John M. Price to be paid to the United States and applied against the tax liabilities and penalties described in paragraphs 12 and 24, above.

### COUNT 5: DECLARE JOHN PRICE THE ALTER EGO OF PRICE FUNERAL HOME, INC. AND/OR PRICE FUNERAL HOME THE SUCESSOR IN INTEREST TO PRICE FUNERAL HOME, INC.

48.      Plaintiff repeats the allegations of paragraphs 1 through 47 as if fully set forth herein.

49.      John M. Price was the owner and president of Price Funeral Home, Inc. from 1997 through 2010.

50.      During that time, Price treated the corporation's business accounts as his own and used them for personal expenses.

51.      Both Price and the corporation failed to regularly file tax returns or pay taxes.

52.      More than a year after Price Funeral Home, Inc. was defunct, Price filed delinquent tax returns for the corporation.

53.      Price obtained a new Employer Identification Number from the Internal Revenue Service in 2010 to operate Price Funeral Home as a sole proprietorship.

54.     Price Funeral Home continued in the same business as Price Funeral Home, Inc. and at the same location after Price Funeral Home, Inc. ceased operations.

55.     Price Funeral Home, Inc. and Price Funeral Home have a common owner, Price.

56.     The sole proprietorship, Price Funeral Home, is a continuation of the corporation, Price Funeral Home, Inc.

57.     As with the corporation, Price treated the business accounts of the sole proprietorship as his own and used them for personal expenses.

58.     Price Funeral Home, Inc. stopped operating at or around the same time that Price Funeral Home began operating.

59.     Upon information and belief, Price Funeral Home continued operating under the license that Price Funeral Home, Inc. obtained from the Pennsylvania Board of Funeral Directors.

60.     John M. Price is the alter ego of Price Funeral Home, Inc. and the United States should be authorized to collect the taxes and civil penalties described in paragraph 18, above from him individually.  By reason of the foregoing, John M. Price is indebted to the United States in the amount of $3,252,366.56 as of October 2, 2017, plus statutory additions and interest accruing after that date until paid.

61.     In the alternative, Price Funeral Home is the successor in interest to Price Funeral Home, Inc. and is liable for the taxes and civil penalties described in paragraph 18, above.  By reason of the foregoing, Price Funeral Home is indebted to the United States in the amount of $3,252,366.56 as of October 2, 2017, plus statutory additions and interest accruing after that date until paid.

14

62.     By reason of the assessments described in paragraph 18, above, tax liens in favor of the United States arose as of the dates of the assessments pursuant to 26 U.S.C. §§ 6321 and 6322 in the amounts of the assessments, plus all statutory additions accruing thereon under the law.  The federal tax liens attached to all property and rights to property then owned or thereafter acquired by Price, including the properties described in paragraphs 30 and 31, above.

63.     These federal tax liens should be foreclosed against the 609-611 North 43rd Street property and the 613-615 North 43rd Street property, and the Court should determine the interests of the United States and each of Defendants, order a sale of both properties, and order that the proceeds be distributed in accordance with the rights of the parties determined herein, with the amount attributable to the interest of John M. Price or Price Funeral Home to be paid to the United States and applied against the tax liabilities and penalties described in paragraph 18 above.

WHEREFORE, the United States prays that this Court:

A.     As to Count 1, render a judgment in favor of the United States and against Defendant John M. Price for the federal income tax liabilities and trust fund recovery penalties set forth above, in the amount of $131,683.79, as of October 2, 2017, plus statutory additions to tax accruing after that date until the balance owed is fully paid;

B.     As to Count 2, render a judgment in favor of the United States and against Defendant Price Funeral Home, Inc. for the income, employment, and unemployment tax liabilities and civil penalties set forth above, in the amount of $3,252,366.56, as of October 2, 2017, plus statutory additions to tax accruing after that date until the balance owed is fully paid;

C.     As to Count 3, render a judgment in favor of the United States and against Defendant Price Funeral Home for the federal employment and unemployment tax liabilities and

civil penalties set forth above, in the amount of $88,052.45, as of October 2, 2017, plus statutory additions to tax accruing after that date until the balance owed is fully paid;

      D.     As to Count 4, render a judgment in favor of the United States that Haverford Congregation is the nominee of John M. Price and that the United States has valid and subsisting tax liens by virtue of the assessments described in paragraphs 12 and 24, above on all property and rights to property owned or acquired after the date of the assessments described in paragraphs 12 and 24 above, specifically the real properties located at 609-611 North 43rd Street and 613-615 North 43rd Street property in Philadelphia, Pennsylvania;

      E.     As to Count 4, render a judgment that the tax liens attaching to the real properties located at 609-611 North 43rd Street and 613-615 North 43rd Street property in Philadelphia, Pennsylvania be foreclosed; that the properties be sold according to law, free and clear of any right, title, lien, claim or interest of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the interest of John M. Price to be paid to the United States and applied against the tax liabilities and penalties described in paragraphs 12 and 24, above;

      F.     As to Count 5, render a judgment in favor of the United States that John M. Price is the alter ego of Price Funeral Home, Inc., the United States is authorized to collect the taxes and civil penalties described in paragraph 18 above from him individually, and John M. Price is indebted to the United States in the amount of $3,252,366.56 as of October 2, 2017, plus statutory additions and interest accruing after that date until paid;

      G.     As to Count 5, in the alternative, render a judgment that Price Funeral Home is the successor in interest to Price Funeral Home, Inc., is liable for the taxes and civil penalties described in paragraph 18, above, and Price Funeral Home is indebted to the United States in the

amount of $3,252,366.56 as of October 2, 2017, plus statutory additions and interest accruing after that date until paid;

     H.    As to Count 5, render a judgment that the United States has valid and subsisting tax liens by virtue of the assessments described in paragraph 18 above on all property and rights to property owned or acquired after the date of the assessments described in paragraph 18 above, specifically the real properties located at 609-611 North 43rd Street and 613-615 North 43rd Street property in Philadelphia, Pennsylvania;

     I.    As to Count 5, render a judgment that the tax liens attaching to the real properties located at 609-611 North 43rd Street and 613-615 North 43rd Street property in Philadelphia, Pennsylvania be foreclosed; that the properties be sold according to law, free and clear of any right, title, lien, claim or interest of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the interest of John M. Price or Price Funeral Home to be paid to the United States and applied against the tax liabilities and penalties described in paragraph 18 above;

     J.    Award to the United States its costs of prosecuting this action; and

     K.    Grant such other and further relief as the Court deems just and equitable.

Date: September 21, 2017

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Stephen S. Ho*
STEPHEN S. HO (NY 5173083)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel.: (202) 616-8994
Fax: (202) 514-6866
Stephen.S.Ho@usdoj.gov